FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0531

 ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0531

_____

HOMERIVER GROUP,

    Plaintiff and Appellee,

v.

ANDERS BUSINESS SOLUTIONS, LLC,

    Defendant and Appellant.

_____

O R D E R

FILED

NOV 1 2 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Appellant Anders Business Solutions, LLC, moves this Court for relief from the October 7, 2024 Order Denying Appellant's Motion for Order Staying Execution or Order of Possession and Writ of Assistance of the Fourth Judicial District Court, Missoula County, in its Cause No. DV-24-457, pending the resolution of its appeal before this Court. Appellee HomeRiver Group opposes Anders' motion for relief.

This case originated in the Missoula County Justice Court on April 15, 2024. HomeRiver alleged Anders was delinquent on rent owed on commercial property, managed by HomeRiver, that Anders had leased. HomeRiver requested payment of overdue rent and eviction.

On May 14, 2024, the Justice Court entered an Entry of Default and Order of Possession upon HomeRiver's request. The court explained that Kris Hawkins had attempted to file documents on behalf of Anders but the court rejected those documents since Hawkins had failed to demonstrate authority to represent Anders, Hawkins did not demonstrate that she was authorized to practice law, and no attorney had appeared on Anders' behalf. The court further issued a Writ of Assistance, awarding HomeRiver immediate possession of the premises at issue.

On May 20, 2024, an attorney filed a Notice of Appearance and a Notice of Appeal and Motion to Stay on behalf of Anders. The filings indicated that Anders was appealing

four orders to the District Court, including the May 14, 2024 Entry of Default and Order of Possession. The filing further moved the Justice Court to stay proceedings while the case was pending on appeal to the District Court.

On the morning of May 22, 2024, the Missoula County Sheriff ejected Anders from the premises at issue pursuant to the Writ of Assistance. Later that day, unaware that the Sheriff had executed the Writ of Assistance, the Justice Court issued an Order Re: Request for Stay, in which, pursuant to U.M.C.R.App. 6(a)(3), it conditioned a stay upon Anders' submission of an undertaking in the amount of $8,800. On May 23, 2024, Anders submitted the undertaking to the Justice Court. However, the Justice Court did not subsequently issue a stay.

On August 19, 2024, the District Court issued an Order Affirming the Justice Court's Rulings that, in part, affirmed the Justice Court's May 14, 2024 Entry of Default and Order of Possession. On September 6, 2024, Anders filed a Notice of Appeal in this Court and the District Court. Anders further moved the District Court for a stay during the pendency of the appeal pursuant to M. R. App. P. 22(1)(a)(i).

On October 7, 2024, the District Court denied the stay in the order from which Anders now seeks relief. The court concluded that Anders' request was moot since no stay was issued prior to execution of the Order of Possession and Writ of Assistance.

Under Rule 22(2)(a), upon the grant or denial of a motion to stay judgment or order of the district court pending appeal pursuant to Rule 22(1)(a)(i), a party may move for relief from that order in this Court. The movant must demonstrate good cause for the relief requested, supported by affidavit.

Anders argues it has good cause for relief because the District Court misapprehended key facts in this case, as Anders maintains it was not required to submit an undertaking at the time it appealed the Justice Court ruling to the District Court. But although the District Court discussed the undertaking in its order denying the motion to stay, the court based its denial on its determination of mootness. The issue of the

2

undertaking's necessity is not relevant to our determination of Anders' entitlement to relief from the District Court's order.

Anders further argues the District Court erred in deeming its motion moot as the court could order the Sheriff to deliver the property back to Anders. Anders relies on U.M.C.R.App. 7(a)(3), which provides:

> If an execution be issued, on the filing of the undertaking, the municipal court judge must direct the execution officer to stay all proceedings on the same. Such execution officer must, upon the payment of his fees for services rendered on the execution, thereupon relinquish all property levied upon and deliver the same to the judgment debtor, together will all moneys collected from sales or otherwise. If his fees on the execution are not paid, the execution officer may retain so much of the property or proceeds thereof as may be necessary to pay the same.

Anders argues it is entitled to possession of its leasehold property during the pendency of its appeal. HomeRiver asserts there is no District Court order from which a stay may be issued because the Justice Court's Order of Possession was previously executed.

We question whether staying the District Court's order would have any practical effect. The order at issue affirms the Justice Court's rulings. The District Court's order contains no action that can be stayed. Anders' argument that the Justice Court should have rescinded the execution of the writ of assistance has no applicability at this juncture. It does not appear as though Anders raised U.M.C.R.App. 7(a)(3) with the Justice Court and did not ask that court to direct the Sheriff to return the property.[1] That Rule does not apply, to the District Court and thus Anders cannot seek the District Court based on U.M.C.R.App. 7(a)(3). If we were to grant relief from the District Court's order, as a practical matter, nothing would change because Anders never asked the Justice Court to rescind the execution and, with an appeal pending before this Court, the Justice Court does not presently have the jurisdiction to entertain such motion.

---

[1] We make no determination as to whether U.M.C.R.App. 7(a)(3) would have required the Sheriff to do so.

3

As it does not appear that providing relief from the District Court's denial of the stay would have any effect upon this case, we conclude Anders has not demonstrated good cause for the relief requested.

IT IS THEREFORE ORDERED that the M. R. App. P. 22(2)(a) motion is DENIED.

The Clerk is directed to provide copies of this order to all counsel of record and to Hon. Robert L. Deschamps, III, presiding.

DATED this 12th day of November, 2024.

Justices